568 P.2d 596

In the Matter of the Last WILL and Testament of Elizabeth J. BROOKS, Deceased.

Lucy Elizabeth Brooks SCHANEFELT, Petitioner-Appellant,

v.

Joseph R. PARADISO, Respondent-Appellee.

No. 10312.

Supreme Court of New Mexico.

Sept. 7, 1977.

Warren F. Reynolds, Hobbs, for petitioner-appellant.

L. George Schubert, Hobbs, for respondent-appellee.

## OPINION

FEDERICI, Justice.

On April 2, 1973, there was filed in the Probate Court of Lea County, New Mexico, a petition for probate of the last will and testament of Elizabeth J. Brooks, deceased. By her will, Mrs. Brooks bequeathed and devised all of her estate to Joseph R. Paradiso, a stranger, who is not an heir. She also appointed him executor in the will. Mrs. Brooks left no surviving children, grandchildren or parents.

The proceedings were transferred to the District Court of Lea County, New Mexico, sitting in probate as provided by law. On April 15, 1974, the district judge entered a judgment approving the will and appointing Joseph R. Paradiso executor of the last will and testament of Mrs. Brooks.

The appellant, Lucy Elizabeth Brooks Schanefelt, filed a petition in the District Court of Lea County contesting the validity of the Brooks will and asking to be appointed administratrix under § 31–1–9, N.M.S.A. 1953, which provides for such appointment when a deceased person leaves no will.

By order dated November 14, 1974, the district court denied appellant's petition to contest, which order was appealed to the Supreme Court of the State of New Mexico. The Supreme Court of New Mexico affirmed the order of the district court.

In the 1976 term, the cause was submitted to the United States Supreme Court on a jurisdictional statement and motion to dismiss or affirm and on May 16, 1977, the Supreme Court of the United States issued its mandate with the following quoted directions to this court:

> ON CONSIDERATION WHEREOF, it was ordered and adjudged on May 16, 1977, by this Court that the judgement of the Supreme Court of New Mexico in this cause be vacated, and that this cause be remanded to the Supreme Court of the State of New Mexico for further consideration in light of *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977) and *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).

Pursuant to the mandate of the Supreme Court, we set forth below our further consideration of the cause.

This case raises no question of decedent's right to dispose of her property by will. In the case on appeal the decedent did leave a will by which she legally disinherited all heirs and by which she left her entire estate to a stranger as permitted by New Mexico law. Section 30–1–1, N.M.S.A. 1953 provides:

> 30–1–1. *Who may make a will—Disposition of property.*—Any person of the age of twenty-one [21] years or upwards, and in sound mind, may dispose by will of all his property, except what is sufficient to pay his debts and what is given by law as privileged property to his wife or family.

Rather, the question is whether appellant has a right to challenge decedent's will under Section 30–2–13, N.M.S.A. 1953, which provides:

> 30–2–13. *Contest of probate.*—When a will has been approved, any person interested may at any time within six [6] months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked.

■ The question to be resolved, then, is this: Is the appellant a "person interested," as that term is employed in the above statute, and therefore entitled to challenge the

decedent's will? The answer must be found in the intestacy laws of this jurisdiction. "The effect of a successful will contest is to establish the contestant's right to property; for he must be pecuniarily interested (usually as an heir at law), so that when the will is eliminated the laws of descent and distribution are effective to establish his title." *In re Morrow's Will*, 41 N.M. 723, 73 P.2d 1360 (1937). The intestacy laws determine whose title is established in the event the will is set aside.

The pertinent New Mexico statutes are §§ 29-1-13, 29-1-14, 29-1-15 and 29-1-22, N.M.S.A. 1953.

29-1-13. *Dying without issue—Inheritance by widow or parents.*—If the intestate leave no issue, the whole of his estate shall go to his wife; if he leaves no wife, the portion which would have gone to her shall go to his parents. If one [1] of his parents be dead, the portion which would have gone to such deceased parent, shall go to the surviving parent.

29-1-14. *No issue or widow and both parents dead—Inheritance by heirs of parents.*—If both parents be dead, the portion which would have fallen to their share, by the above rule, shall be disposed of in the same manner as if they had outlived the intestate, and died in the possession and ownership of the portion thus falling to their share; and so on through the ascending ancestors and their issue.

29-1-15. *Inheritance by heirs of wife.*—If heirs are not thus found the portion uninherited shall go to the heirs of the wife of the intestate, if dead, according to like rules, and if he has had more than one [1] wife, who died, it shall be equally divided between the heirs of all such wives, taking by right of representation.

29-1-22. *Provisions concerning widows apply to widowers.*—All provisions of the law relating to wills and to estates of deceased persons made in regard to the widow of a deceased husband, shall be applicable to the surviving husband of a deceased wife.

Appellant alleges that she is the daughter of the brother of the decedent's only husband, Frank J. Brooks, who predeceased the decedent, and that since decedent died with no heirs by consanguinity, appellant, her brother and her nephew, the only living relatives by consanguinity of Frank J. Brooks, are heirs of the decedent under § 29-1-15, supra. Appellant claims that as an heir of decedent she has a right to contest the will under § 30-2-13, supra, and to be appointed administratrix, notwithstanding the will and the appointment of respondent as executor. Appellant further contends that under a literal reading of §§ 29-1-13, 29-1-14 and 29-1-15, supra, heirs of a predeceased husband are discriminated against on the basis of gender. We read the mandate of the United States Supreme Court as a directive to scrutinize these statutes for any gender-based discrimination which may be embodied in them.

■ *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977), addressed the gender-based difference in treatment afforded nondependent widows and widowers under the Federal Old-Age, Survivors, and Disability Insurance Benefits Program (OASDI), 42 U.S.C. §§ 401–431 (1970). The Supreme Court held that such gender-based differentiation constitutes invidious discrimination, denies equal protection of the laws, and therefore violates the due process clause of the fifth amendment. A careful reading of the case convinces us that the holding in *Califano*, supra, merely reaffirms the well established proposition that "administrative convenience" is an insufficient justification for a legislative classification scheme based upon sex. Appellant does not allege that the claimed sex discrimination in our intestacy statutes is in any way based upon a goal of mere "administrative convenience." Further, we are convinced that no such consideration underlies our intestacy laws. Rather, the statutes in question represent a well considered legislative scheme for the orderly distribution of property upon death, an area in which the states traditionally enjoy

a wide latitude. *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). In *Trimble*, the United States Supreme Court states:

> The orderly disposition of property at death requires an appropriate legal framework, the structuring of which is a matter particularly within the competence of the individual States. In exercising this responsibility, a State necessarily must enact laws governing both the procedure and substance of intestate succession. Absent infringement of a constitutional right, the federal courts have no role here, and, even when constitutional violations are alleged, those courts should accord substantial deference to a State's statutory scheme of inheritance.

*Trimble v. Gordon, id.*, held that statutory discrimination against illegitimates under Illinois intestacy law was violative of the equal protection clause of the fourteenth amendment. The issue of sex discrimination was also presented in the *Trimble* case, but the Supreme Court specifically declined to address that issue. We find in that case no application of existing sex discrimination case law to state intestacy statutes, and we find nothing in either *Califano* or *Trimble*, which reveals unconstitutional sex discrimination in the New Mexico intestacy statute in question.

However, a reconsideration of §§ 29–1–13, 29–1–14 and 29–1–15, supra, convinces us that the judgment of the trial court must be reversed, but not because the statutes permit an unconstitutional discrimination based upon gender.

 We hold that §§ 29–1–13, 29–1–14, 29–1–15 and 29–1–22, supra, must be read *together*, as a unified scheme for the distribution of the property of an intestate who dies without issue. We begin with § 29–1–13, which provides:

> *Dying without issue—Inheritance by widow or parents.*—If the intestate leave no issue, the whole of his estate shall go to his wife, if he leaves no wife, the portion which would have gone to her shall go to his parents. If one [1] of his parents be dead, the portion which would have gone to such deceased parent, shall go to the surviving parent.

 Although the language of the statute is phrased exclusively in terms of the *male* intestate, our case law indicates that the statute applies equally to a spouse of *either* sex who dies intestate and without issue. *Harrison v. Harrison*, 21 N.M. 372, 155 P. 356 (1916); *Teopfer v. Kaeufer*, 12 N.M. 372, 78 P. 53 (1904). In *Harrison*, the New Mexico Supreme Court considered an earlier codification of § 29–1–13, supra, and said:

> This statute was, we believe, intended to provide for the distribution of all estates where the decedent died, without issue, leaving a *husband or wife* surviving, or where there was no surviving spouse. *Harrison v. Harrison, id.*, 21 N.M. at 389, 155 P. at 361. (Emphasis added.)

This interpretation of the statute, it will be noted, conforms to and is reflected in the terms of § 29–1–22, supra.

Sections 29–1–14 and 29–1–15, supra, necessarily follow as the second and third steps of one unified scheme for the distribution of the property of such an intestate, and their language, although consistently phrased in terms of the male intestate, must be given a like reading. We hold that the heirs of a predeceased *male* spouse are not excluded from this unified scheme. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with appellant's right to challenge the deceased's will pursuant to § 30–2–13, N.M.S.A. 1953.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and PAYNE, JJ., concur.

EASLEY, J., not participating.